Daniel S. Brim Attorney for Town of Callahan
QUESTION: Whether a municipality must comply with the provisions of the Consultants' Competitive Negotiation Act in procuring professional services to accomplish the purposes for which a grant has been received pursuant to ss. 290.0401-290.049, F.S. (1990 Supp.)?[1]
SUMMARY: A municipality must comply with the requirements of the Consultants' Competitive Negotiation Act in accomplishing the purposes for which it receives grant funds under the Florida Small Cities Community Development Block Grant Program Fund.
It appears that the Town of Callahan has received a Florida Small Cities Community Development Block Grant from the Department of Community Affairs pursuant to ss. 290.0401-290.049, F.S. (1990 Supp.). Your question is whether the city must comply with the provisions of the Consultants' Competitive Negotiation Act in accomplishing the purposes for which this grant has been received. More specifically, you ask whether the city may consider the fees charged by certain professionals or firms in making its choice of a qualified engineering firm to provide services on this project.
The Florida Small Cities Community Development Block Grant Program Fund was created to provide moneys to eligible local governments[2]
for urban redevelopment. The Department of Community Affairs is charged with distributing these funds as grants to eligible local governments on the basis of a competitive selection process.[3] The following program categories are established for achieving the broad community development objectives to be achieved by the program: (a) housing; (b) economic development; (c) neighborhood revitalization; and (d) commercial revitalization.[4] The department is authorized to "[a]dopt and enforce rules not inconsistent with ss.290.0401-290.049 for the administration of the fund."[5]
Administrative rules have been promulgated for the economic development program category and are contained in Ch. 8-16, F.A.C. These rules specifically provide that recipient local governments shall follow "relevant State laws applicable to the procurement of supplies, equipment, construction and services" as well as specified federal procurement standards.[6] The rules authorize recipients to contract with any person, association or corporation in accomplishing economic development activities, but all such contracts must be made in conformance with the procurement standards related above.[7] Finally, the rules state that:
 Designations and contractual arrangements as authorized under this section shall in no way relieve the unit of local government receiving funds under this chapter of its responsibilities in assuring that the [Community Development Block Grant] program is administered in accordance with all State and Federal requirements.[8]
It is clear that the purposes of the Florida Small Cities Community Development Block Grant Program must be accomplished in compliance with all applicable State regulations. The Consultants' Competitive Negotiation Act, s. 287.055, F.S. (1990 Supp.), sets forth requirements for procuring and contracting for professional architectural, engineering, landscape architectural, or land surveying services.[9] Under the act, an agency,[10]
including a municipality, must competitively select and negotiate with the most qualified firm to provide these professional services for a project.[11]
Pursuant to s. 287.055(4), F.S. (1990 Supp.), an agency must evaluate firms which offer to provide professional services for a proposed project and to select no fewer than three firms which are deemed to be the most highly qualified to perform the required services.[12] The statute provides criteria for evaluating the qualifications of such firm:
In determining whether a firm is qualified, the agency shall consider such factors as the ability of professional personnel; whether a firm is a certified minority business enterprise; past performance; willingness to meet time and budget requirements; location; recent, current, and projected workloads of the firms; and the volume of work previously awarded to each firm by the agency, with the object of effecting an equitable distribution of contracts among qualified firms, provided such distribution does not violate the principle of selection of the most highly qualified firms. The agency may request, accept, and considerproposals for the compensation to be paid under the contract onlyduring competitive negotiations under subsection (5).[13]
(e.s.)
While it is clear that proposals for compensation are only to be considered after the selection of the three or more most qualified firms,[14] the statute specifically authorizes an agency to use "willingness to meet . . . budget requirements" as an element of consideration in choosing these firms. Prior to the enactment of the amendatory language emphasized above, the First District Court of Appeal considered a city ordinance authorizing the use of fee quotations during the competitive selection phase of acquisition of professional services. In City of Jacksonville v. Reynolds, Smith Hills,[15] the court concluded that such an ordinance did not damage the process established by the Consultants' Competitive Negotiations Act. Further, the court stated that "[w]e see no harm done if a City legislatively finds that early consideration of fees is in its best interests."[16]
However, subsequent to the Reynolds, Smith Hills decision, s. 287.055(4)(b), F.S., was amended as cited above to include a prohibition against using proposals for compensation except during the competitive negotiations stage under subsection (5).[17]
Thus, in light of the Legislature's express amendment of s.287.055(4)(b), F.S., following the Reynolds, Smith Hills
case, a city may consider budget requirements in determining the firms qualified to provide professional services pursuant to s.287.055, F.S. (1990 Supp.), but is prohibited from using proposals for compensation to be paid under the contract except during the competitive negotiation phase of the Consultants' Competitive Negotiation Act.
The administrative rules promulgated pursuant to the Florida Small Cities Community Development Block Grant Program, ss.290.0401-290.049, F.S. (1990 Supp.), specifically require compliance with all applicable state rules and regulations and the Consultants' Competitive Negotiation Act is such a state regulation.
Therefore, the statutory requirements in the Consultants' Competitive Negotiation Act apply to professional services procured for projects using funds from a Florida Small Cities Community Development Block Grant.
[1] As originally presented, your question deals with procurement procedures of the Department of Community Affairs. This office has no authority to comment on or construe such policies. I have rephrased your question in terms of state statutory issues which this office may comment upon. If these procurement policies are embodied in administrative rules, you may wish to request an interpretation from the Department of Community Affairs under s. 120.565, F.S., which provides for declaratory statements by agencies. However, after discussing this matter with the department it is my understanding that these "procurement policies" are merely helpful suggestions from the department on how to proceed and that you have been advised that you may disregard such suggestions.
[2] Section 290.042(5), F.S. (1990 Supp.), defines "[e]ligible local government" as "any local government which qualifies as eligible to participate in the Florida Small Cities Community Development Block Grant Program in accordance with s. 102(a)(7) of Title I of the Housing and Community Development Act of 1974, as amended, and applicable federal regulations, and any eligibility requirements which may be imposed by this act or by department rule."
[3] Section 290.044(2), F.S. (1990 Supp.).
[4] Section 290.044(3), F.S. (1990 Supp.).
[5] Section 290.048(3), F.S. (1990 Supp.).
[6] Rule 8-16.017(6), F.A.C.
[7] Rule 8-16.017(2)(b), F.A.C.
[8] Rule 8-16.017(2)(d), F.A.C.
[9] See, s. 287.055(2)(a), F.S. (1990 Supp.), defining "[p]rofessional services."
[10] Section 287.055(2)(b), F.S. (1990 Supp.), defines "[a]gency" to mean "the state or a state agency, municipality, or political subdivision, a school district or a school board."
[11] Section 287.055(4) and (5), F.S. (1990 Supp.).
[12] See, s. 287.055(4)(c), F.S. (1990 Supp.), for exceptions to application of the statute.
[13] See, s. 287.055(4)(b), F.S. (1990 Supp.)
[14] And see, AGO 88-42 (stating that a school board is prohibited from establishing a fee schedule as the basis for compensating architects retained to provide architectural services to the board).
[15] 424 So.2d 63 (1 D.C.A. Fla., 1982), pet. for rev.den., 433 So.2d 519 (Fla. 1983).
[16] Id. at 64.
[17] See, s. 1, Ch. 88-108, Laws of Florida.